IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRYSTAL FRY and ANDREW FRY, Individually and as the Administrators of The Estate of JADE ELIZABETH FRY, | : : : : | 1:16-cv-984 |
| Plaintiffs, | : : | Hon. John E. Jones III |
| v. | : : | |
| The United States of America, | : : | |
| Defendant, | : | |

## ORDER

### April 24, 2017

Presently pending before the Court is Defendant's motion for summary judgment. (Doc. 22). The Defendant filed the motion and a brief in support on March 20, 2017. (Docs. 22, 24). Plaintiffs did not file any brief in opposition, and the time for filing has passed. *See* Local Rule 7.6. Pursuant to Local Rule 7.6, Plaintiffs therefore are deemed not to oppose the motion for summary judgment. In the interest of completeness, however, we will briefly address the merits of the motion.

Plaintiffs initiated this action May 25, 2016 under the Federal Tort Claims Act, 28 U.S.C. §§ 2671, *et. seq*, alleging professional negligence and medical malpractice. In an action such as this, Pennsylvania Rule of Civil Procedure 1042.3 requires that the plaintiff file a certification of merit from a professional that states

that the defendant's conduct was "outside acceptable professional standards." Pa. R.C.P. 1042.3(a)(1). This certificate must be filed within sixty days of filing the complaint. Pa.R.C.P. 1042.3(a). The Defendant moves for summary judgment based on the Plaintiffs' failure to file the certificate of merit.

Rule 1042.6 and 1042.7 further provide that a defendant seeking judgment for failure to file a certificate of merit must serve the plaintiff with a notice of intent thirty days prior to dismissal. The Defendant attached its notice of intent to its motion for summary judgment. (Doc. 22, Ex. A). To grant judgment based on Rule 1042.7, the Defendant must attach to its motion the *certificate of service* of its notice of intent, which the Defendant did not do.

However, Rule 1042.6(b) provides that judgment may be granted for the failure to file a certificate of merit, irrespective of a notice of intent, where the court has granted a motion to extend the time to file and the plaintiff has failed to file the certificate within the extended time. We granted the Plaintiffs' second motion to extend the time to file a certificate of merit on October 20, 2016, giving Plaintiffs sixty days to file the certificate. (Doc. 15). To date, no certificate has been filed. As such, we shall grant the Defendant's motion and enter judgment in favor of the Defendant.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Defendant's motion for summary judgment (Doc. 22) is **GRANTED**.

2. The Clerk of the Court **SHALL CLOSE** the file on this case.

                                                                      /s/ John E. Jones III
                                                                      John E. Jones III
                                                                      United States District Judge